## PIERCE vs. MILLAR.

In the margin:
In the act of 1821, p. 118, *set off* is used as synonimous with *compensation.*
The plaintiff may shew, at the trial, that what is claimed by way of reconvention, is pending in court in another suit.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The present action has arisen out of the settlement of a partnership, formerly existing between the plaintiff and defendant. The matters in dispute are not of any considerable magnitude, nor the questions of law, which they present, difficult. But the feelings of the parties seem to have been communicated to their counsel, and under the influence of professional zeal, the cause has acquired an importance, to which it would not otherwise have been entitled.

The case comes up on its merits, a final judgment having been given in the court be-

low on a verdict rendered by a jury in favor of the defendant. There are however several bills of exceptions on the record, and to the correctness of the decision of the judge who tried the ca se on the questions raised by them, the argument has been principally directed in this court.

The defendant having succeeded in obtaining judgment in his favor has abandoned the bills of exceptions taken by him on the trial. The first on which the plaintiff relies is, that offered to the opinion of the judge admitting an account filed in another suit, in which the defendant had sued the plaintiff, to be given in evidence by the former in the present action.

The bill of exceptions states that, " the defendant's counsel offered evidence to prove the account to which reference is made in the answer as on file in the cause of *J. F. Millar* vs. *Pierce*, a suit now pending and undecided in this court, which record is made part of this statement: to the introduction of which the counsel for the plaintiff objected, inasmuch as under the state of the pleadings, the said account could not be made a matter of compensation in the present suit."

This objection necessarily leads to an enqui_ry, what were the state of the pleadings ?

PIERCE
*vs.*
MILLAR.

The petition alleges that the defendant is indebted to the plaintiff in the sum of $2148, according to an account current thereto annexed. This account is made up of various items, among which $500 are charged as a sum agreed to be paid on settlement of partnership accounts.

The answer is extremely diffuse; after commenting on various items of the plaintiff's account, and pleading other matters against them, as compensation, should they be established by evidence, it proceeds to state, that there was formerly a partnership existing between the parties, which was dissolved by mutual consent; and that at the dissolution Pierce took property to the amount of $27,500 agreeing to pay $18,000 partnership debts, and that the defendant received property to the value of $36,129, undertaking to pay $25,000 partnership debts. That the amount of partnership debts which the defendant agreed to discharge was fixed upon statements furnished by the plaintiff in the cause, which statements the defendant had since discovered to be false and fraudulent, and made with a view to deceive and defraud him. That there were a great

many debts due at that time which were not taken into the calculation amounting to dollars, an account of which is on file in this honorable court in the suit of the defendant vs the plaintiff, to which the defendant refers and prays the account may be taken as a part of the plea. That this sum and the others set forth in the answer are pleaded *as compensation and set off* to any sum that may appear to be due to the plaintiff, and judgment is prayed for the excess, or balance.

From these allegations it is seen, that the matter and things, on which the defendant relies, as a defence to the plaintiff's action, are pleaded as *compensation* and *set off* to the plaintiff's demand, and the first question is, can they be pleaded as such?

That they are not good as compensation, is most clear. Our law requires that the debts which produce that effect, " must be equally liquidated and demandable." The allegations, and the proof in this case shew, that nothing can be imagined more unliquidated and uncertain than the demands of both parties. *Civ. Code*, 298, 191.

This point, indeed, was very properly abandoned in argument, but it was most strenuously

contended that, though not good as *compensa-tion*, they might be properly pleaded as a *set off*, a term which, according to the argument, is synonimous with reconvention; and this leads to the enquiry, what is meant by the expression?

It is pleaded here in a technical sense, and its true construction must be ascertained by the meaning, which properly belongs to it as a legal term. It was most probably introduced into the answer with reference to an act of the legislature, which contains a particular provision in regard to matters of this kind; whether, however, it were, or not, it is there we can recur with most propriety to ascertain its force and its effect.

By an act of the general assembly of this state, passed on the 17th February, 1821, it is provided, "That when any suit shall be instituted in any of the courts of this state, for the recovery of any sum of money, and the defendant in such suit shall plead in compensation or set off to the same any claims or demands against the said plaintiff, *which by law he is or may be permitted to plead in compensation or set off;* that if on the trial of such suit, it shall appear that the claims of the said defendant so plead in compensation or set off, exceed the demand

of the said plaintiff, and that there is actually a balance due to the said defendant, it shall be the duty of the court, before which suit shall be tried, to give judgment in favor of the said defendant against the said plaintiff for the amount so found to be due. *Acts Leg.* 1821, 118.

East'n. District,
*Feb.* 1825.

PIERCE
*vs.*
MILLAR

In addition to the difficulties which are inseparable from the attempt to fix the true and precise meaning of the language used by others, we have in this state superadded those, which arise, from introducing into our statutes, terms belonging to another system of jurisprudence, which in it are defined and understood, but which are totally unknown to ours. In this act, for instance, courts are directed to give judgment for the defendant, where there is an excess, in all cases, *where by law set off is permitted to be pleaded.* When we look into *our* laws for information as to what cases it may be pleaded, we can find none in regard to it—no such term is there used. Demands and claims which the defendant might have against the plaintiff, could only have been offered previous to this act, by way of *compensation,* or *reconvention.*

But it is manifest, that the legislature, by referring to it, as a right existing, did not *intend* to introduce any new regulation: nor have

they done so; for they expressly limit the authority of the court to those cases where by law it could previously be pleaded, As none such existed, they must have used it as synonimous with one, or other of those terms, by which antecedent to the act, the right of the defendant to present his claims against the plaintiff was expressed.

We are clearly of opinion they used it as synonimous with *compensation.* The statute was made to give a remedy in those cases where the defendant was permitted to plead demands in opposition to those of the plaintiff, but could not obtain judgment for the execss. *Reconvention* was not one of these cases where, previous to this act, judgment could not be given in favour of the defendant, if there were a balance in his favor, consequently it is not embraced by the statute. *Lex neminem cogit ad vana.* That construction must be preferred which supposes the legislature to be enacting for some purpose, rather than none.

On the whole, we are satisfied that by the term *set off* nothing more was meant than compensation. It was most probably thrown into the statute on the supposition that to persons unacquainted with any language but English,

and unlearned in the jurisprudence of the state, this word would assist in understanding compensation, which in its technical sense, is borrowed from another language.   Such was the meaning in which it was understood and passed, by that part of our legislature who speak French, for both terms are translated by the word " compensation."   We said in a former case that wherever any doubt existed as to the true construction of our statutes, the sense in which they were understood by so large a portion of our legislature, was a powerful auxiliary in arriving at the true meaning in which they were passed by the whole body.  *Breedlove & Bradford* vs. *Turner*, 9 *Martin*, 364.

But though we are satisfied the matters and things presented by the defendant in his answer could not be pleaded as *compensation* or *set off*; we think they were good as a demand in *reconvention*, and under our jurisprudence which places little value in technicalities, when they stand in the way of justice; it is our duty to give effect to the defence according to its substance, no matter by what name it was called. This enquiry, however, which has been gone into in relation to the true meaning of the term *set off* was necessary in consequence of the

East'n. District.
*Feb.* 1825.

PIERCE
*vs.*
MILLAR.

East'n. District.
*Feb.* 1825.

PIERCE
*vs.*
MILLAR.

language used in the plaintiff's bill of exceptions. He objected to the evidence offered, solely on the ground, that it could not be received to establish compensation against his demand and he is now told that he cannot raise any other objection to it in this court, because he did not specially set forth the grounds in the exception filed by him on the trial of the cause. But if the strict rules of pleading are thus invoked to his disadvantage, he has surely a right either to claim that they should not be relaxed, in favor of his adversary, or that if they are, justice would extend the same indulgence to him. That if form is to be disregarded for the sake of substance, in order to enable the defendant to make out his case; all objections should remain open to the plaintiff by which the evidence offered in support of that case could be opposed.

With this view of his rights, we proceed to examine the legality of the exception on which he has relied. He insists that, as it appears by the defendant's own shewing in his answer, that the matters and things offered by way of defence; were at the time of filing the answer, and of trial, then pending in another cause be-

tween the same parties, they could not be giv-
en in evidence in this.

To this objection the defendant has replied:

1. That the plaintiff ought to have specially
pleaded this exception by way of answer to the
demand in *reconvention.*

2. That the bill of exceptions does not shew
that such objection was made at the trial.

The opinion already expressed in relation
to the plaintiff's right under the pleadings, to
except to any illegalities in the evidence, dis-
poses of the second of these positions.

In regard to the first, we think both law and
practice opposed to it. Our statutes, which re-
gulate the mode litigants should pursue in
bringing their respective allegations before
tribunals of justice, provide only for peti-
tion and answer, and direct a trial on them a-
lone. The circumstance of matter being plea-
ded in avoidance, has never been considered
as offering an exception to this rule. Experi-
ence has satisfied us, that notwithstanding this
mode of practice has sometimes enabled one
party to surprise another; the inconvenience is
nothing in comparison with that, which would
result from entangling suitors in the mazes of
special pleading, and that the remedy by new

trial affords ample relief, if the parties are ta-ken unawares, by matters being opposed to them without previous notice. The defendant praying judgment in his favor for the balance that might be due, cannot change the opera-tion of this general principle. It was said in argument, that this demand made a new suit, and that an answer to it could not be dispens-ed with. If that be true, then the defendant should have taken judgment by default, and the cause has been tried without issue joined. This circumstance alone would compel us to remand the cause, if we agreed with the coun-sel of the appellee. But we are of a quite dif-ferent opinion, we think the *contestatio litis* was well formed by the petition and answer.

Conceiving therefore, that all objections were open to the plaintiff, we are satisfied that the *litis pendencia*, which is proved by the defen-dant's answer, was a good exception; and that the court below should not have received evidence of matters and things that were then pending, and as we now see, were since tried and de-cided in another cause.

As the cause was submitted to a jury, it must be remanded to be tried on legal evidence.

It is therefore ordered, adjudged and de-

creed, that the judgment of the district court be annulled, avoided and reversed. And it is further ordered, adjudged and decreed, that the case be remanded to the district court, with directions not to admit the matters and things contested in the case of *Millar* vs. *Pierce* to be given in evidence in this—the appellee paying the costs of the appeal.

East'n. District.
Feb. 1825.

PIERCE
*vs.*
MILLAR.

*Hennen* for the plaintiff, *Carleton* for the defendant.